NOT FOR PUBLICATION                    [Docket Nos. 6, 7, 10]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

LISA BIDLINGMEYER,

         Plaintiff,

   v.

BROADSPIRE and JOHNSON &
JOHNSON,

         Defendants.

Civil No. 11-6144 RMB/AMD

OPINION

Thomas F. Sacchetta
Sacchetta & Baldino, Esqs.
Executive Center of Greentree
1 Eves Drive, Suite 111
Marlton, New Jersey 08053
    Attorneys for Plaintiff

Francis X. Dee
McElroy, Deutsch, Mulvaney, & Carpenter LLP
Three Gateway Center
100 Milberry Street
Newark, New Jersey 07102
    Attorneys for Defendants

    **BUMB**, United States District Judge:

    Plaintiff Lisa Bidlingmeyer ("Plaintiff") asserts that the

Defendants Broadspire and Johnson & Johnson (the "Defendants")

wrongfully denied her disability benefits to which she was

entitled.  Plaintiff has moved to remand the matter to state

1

court, where it was originally filed.  Defendants have moved for
judgment on the pleadings.  For the reasons that follow,
Plaintiff's motion is DENIED and Defendants' motion is GRANTED.[1]

I.   Background

       Plaintiff was employed by Defendant Johnson & Johnson and,
through her employment, was entitled to short-term and long-term
disability coverage.  Plaintiff claims that she suffered a
disabling injury and that she sought, and obtained, coverage for
that injury from January 25, 2001 to December 2004.  Plaintiff
was subsequently notified, in December 2004, that her claim for
long-term disability would be denied.  Then, on September 23,
2005, Johnson and Johnson made a final decision denying
Plaintiff benefits.

       Over five years later, on February 2, 2011, Plaintiff filed
a claim against the Defendants in federal court in the Eastern
District of Pennsylvania asserting claims, based on the same
denial, under the Employee Retirement Income Security Act of
1974 ("ERISA").  Plaintiff's claims were subsequently dismissed
as time-barred in an Opinion and Order dated September 27, 2011,
Bidlingmeyer v. Broadspire, et al., Civil Action No. 11-812,
Docket No. 17 (E.D.Pa. Sept. 27, 2011).

---

[1]      Plaintiff also moved to amend her motion to remand to correct the court
to which, if the motion is granted, the matter should be remanded
[Docket No. 7]. That motion is GRANTED.

2

This suit was initiated shortly before that decision with the filing of a complaint (the "Complaint") in New Jersey state court on July 21, 2011, at a time when Plaintiff was on notice of Defendants' statute of limitations defense.  Plaintiff asserts that Defendant Broadspire was served with the Summons and Complaint by Certified Mail Return Receipt Requested on August 3, 2011.  Broadspire subsequently removed the matter to this Court on October 18, 2011 based on both the existence of a federal question and diversity of citizenship.  Broadspire asserts that, as of the time it removed this action, it had never received proper formal service.

II.  Analysis

The Court first addresses Plaintiff's motion for remand.

A.   Plaintiff's Motion for Remand

Plaintiff argues that remand is warranted because Broadspire's Notice of Removal was untimely.  28 U.S.C. § 1446(b) governs the timeliness of a notice of removal.  Under the statute, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

While the plain language of the statute would appear to allow the 30 day notice of removal window to commence upon mere

receipt of the initial pleading, the Supreme Court, in Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), interpreted this provision to require "formal service" before the 30 day window begins to run.  Di Loreto v. Costigan, 351 F. App'x 747, 751 (3d Cir. 2011).  Therefore, while Broadspire filed its Notice of Removal more than 30 days after it received the Summons and Complaint, Broadspire's mere receipt of these pleadings is insufficient if that receipt does not amount to formal service.

Under Federal Rule of Civil Procedure 4(h), a corporation, like Broadspire, must be served by either: (1) following state law for service of process in either the state in which the District Court is located or in which service is made; or (2) delivering a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant."  Federal Rule of Civil Procedure 4(h); Federal Rule of Civil Procedure 4(e)(1).  Here, the only evidence of any type of service is the mailing by certified mail return receipt requested to Broadspire in Florida.  Because Plaintiff has not alleged delivery to an officer or agent of Broadspire, in order for Plaintiff's mailing to constitute proper service it must satisfy the state law of

either New Jersey, where this Court sits, or Florida, where the
mailing was made.  Resh v. Brosnac, No. 11-cv-019245, 2012 WL
1114583, at *1-2 (E.D.Pa. Mar. 30, 2012)(finding that, because
mailing would not constitute the "delivery" contemplated by the
rule, plaintiff would have to show that the mailing satisfied
the service requirements of the state in which the District
Court sat or where the mailing was made).

With respect to service under New Jersey law, New Jersey
allows for: (1) personal service; (2) service by certified mail,
return receipt requested and, simultaneously, by ordinary mail,
but only upon an affidavit demonstrating that, despite diligent
effort and inquiry, personal service cannot be made to a
corporation's  registered agent for service, principal place of
business, or  registered office ("Substituted Service"); (3) any
form of service provided by law; (4) if service cannot be made
under the New Jersey rule, any form of service authorized by the
court, consistent with  due process; or (5) service by
registered, certified, or ordinary mail, but only if the
defendant answers the complaint or otherwise appears in response
thereto within 60 days of mailed service ("Optional Mailed
Service").  N.J. Ct. R. 4:4-4.

Here, Plaintiff's service by mail was ineffective under New
Jersey law.  The only two potentially applicable forms of
service, given that Plaintiff's only service was by certified

mail return receipt requested, are Substituted Service and
Optional Mailed Service.  Plaintiff cannot avail herself of
Substituted Service because: (1) no affidavit was filed in
support of such service; (2) service was not made by ordinary
mail in addition to certified mail return receipt requested; and
(3) service was not made to Broadspire's registered agent for
service, principal place of business, or registered office.

     This leaves only Optional Mailed Service.  Three courts
have previously analyzed the interplay between New Jersey's
Optional Mailed Service rule and the federal removal rule.
MacDonald v. Twp. of Wall Police Dep't, No. 11-1598, 2011 WL
1740410, at *2 (D.N.J. May 4, 2011); Granovsky v. Pfizer, 631 F.
Supp. 2d 554, 562 (D.N.J. 2009); In re Pharm. Indus. Average
Wholesale Price Litig., 431 F. Supp. 2d 109, 121 (D.Mass. 2006).
All three concluded that mere mailing of the summons and
complaint, pursuant to the Optional Mailed Service Rule, can
trigger the 30-day clock for removal, even if the defendant has
not answered or otherwise appeared in response thereto, so long
as the defendant has received the summons and complaint.  Id.
These courts reasoned that, while this service would not be
effective for obtaining personal jurisdiction over the
defendant, it was sufficient to trigger the removal clock
because: (1) the purpose of the Optional Mail Service's
appearance requirement is to ensure proper notice and that

concern is addressed when the Court is satisfied that the mail
was received; and (2) the Supreme Court's formal service
requirement, established in Murphy, could be satisfied by
receipt of the summons and complaint because the decision merely
clarified that, consistent with the removal statute's "service
or otherwise" language, the statute only requires receipt of
both the summons and complaint and not the perfection of
service.  Id.  This Court disagrees.  The Supreme Court's
decision in Murphy dictates that the removal clock does not
begin to run until the plaintiff has obtained personal
jurisdiction over the defendant. Exercise of personal
jurisdiction over a defendant requires that the plaintiff
properly serve the defendant, not merely provide it notice of
the action.  Grand Entm't Grp. v. Star Media Sales, Inc., 988
F.2d 476, 492 (3d Cir. 1993)(holding that proper service, not
merely notice, is a prerequisite to personal jurisdiction).

In Murphy, the Supreme Court considered whether the fax of
a courtesy copy of a complaint was sufficient to trigger the 30
day removal clock.  Murphy, 526 U.S. at 347.  The Supreme Court
concluded that it was not.  Id.  It instead held "that a named
defendant's time to remove is triggered by simultaneous service
of the summons and complaint, or receipt of the complaint,
'through service or otherwise,' after and apart from service of
the summons, but not by mere receipt of the complaint unattended

7

by any formal service." Id. at 347-48. The "service"
referenced in the holding, in the context of the entire opinion,
can only be read to mean perfected service sufficient to obtain
personal jurisdiction over the defendant. See Alicea v. Outback
Steakhouse, No. 10-4702, 2011 WL 1675036, at *3-4 (D.N.J. May 3,
2011)(interpreting Murphy similarly in concluding that the
removal clock began to run when proper service was waived, not
when the defendant received a copy of the summons and complaint
by certified mail).

  The Supreme Court's entire analysis was grounded in the
notion that it would be unfair to impose any kind of procedural
imposition on a defendant over whom the court did not yet have
personal jurisdiction. It specifically noted that it read the
removal provision "in light" of what it called the "bedrock
principle . . . [that a] defendant is not obliged to engage in
litigation unless notified of the action, and brought under a
court's authority, by formal process." Murphy, 526 U.S. at 347
(emphasis added). The Court further noted that "[s]ervice of
process, under longstanding tradition in our system of justice,
is fundamental to any procedural imposition on a named
defendant." Id. at 350. Consistent with that principle, the
Supreme Court questioned the propriety of requiring someone "who
has not yet lawfully been made a party to an action . . . to
decide in which court system the case should be heard." Id. at

355 (quotation and citation omitted).  The Court's view that
"service" contemplates something more than mere receipt is also
evidenced in its choice of language.  The Court consistently
distinguished between service and receipt in its analysis and
described the service requirement as "formal service" on three
occasions.  Id. at 348, 354, 356.  Finally, the Supreme Court
concluded its analysis by specifically equating the required
service with a court's jurisdiction over the defendant.  Id. at
356 ("In sum, it would take a clearer statement than Congress
has made to read its endeavor to extend removal time (by adding
receipt of the complaint) to effect so strange a change-to set
removal apart from all other responsive acts, to render removal
the sole instance in which one's procedural rights slip away
before service of a summons, i.e., before one is subject to any
court's authority.")(emphasis added).

Here, even assuming that Broadspire's Notice of Removal
could constitute an appearance under Optional Mail Service,
service was never perfected because Broadspire's Notice of
Removal was filed over 76 days after Plaintiff's mailing, more
than the 60 days allowable for proper service.  Bartlebaugh v.
City of Camden, No. 05-121, 2006 WL 414095, at *1-2 (D.N.J. Feb.
16, 2006)(holding that failure to respond or appear within 60
days of mailing requires plaintiff to avail itself of
traditional means of service).  Therefore, the Plaintiff had not

9

properly served Broadspire under New Jersey law at the time of the matter's removal.

The same is true under Florida law.  In Florida, service by certified mail is only permitted where the plaintiff provides and obtains a waiver of conventional personal service.  Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009). Plaintiff does not purport to have sought or obtained waiver of service from Broadspire.  Therefore, service of process was not perfected under Florida law.

Because Plaintiff had not properly served Broadspire at the time Broadspire filed its Notice of Removal, this Court did not yet have personal jurisdiction over Broadspire at that time. Therefore, Broadspire's time period to remove this matter had not yet begun to run at the time of removal.  Its removal was therefore timely.

The Court now addresses Defendants' motion.

B.   Defendants' Motion For Judgment On The Pleadings

Defendants have moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  A motion for judgment on the pleadings under that Rule is governed by the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and "will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of

10

law." Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir.

2004)(holding that there is no material difference between the

two standards); Minn. Lawyers Mut. Ins. Co. V. Ahrens, 432 F.

App'x 143, 147 (3d Cir. 2011)(reciting standard under 12(b)96)).

In this case, Defendants have moved for judgment on the

pleadings on two grounds: (1) claim preclusion from Plaintiff's

Eastern District of Pennsylvania action; and (2) pre-emption of

Plaintiff's common law claims.

    1.   Claim Preclusion

    Claim preclusion is a permissible basis for judgment on the

pleadings.  Churchill v. Star Enters., 183 F.3d 184, 194 (3d

Cir. 1999)(affirming District Court grant of judgment on the

pleadings based on claim preclusion).  Claim preclusion prevents

piecemeal litigation by precluding parties from relitigating

issues that were or could have been raised in prior actions.

Id.  It applies where there is: "(1) a final judgment on the

merits in a prior suit involving; (2) the same parties or their

privities; and (3) a subsequent suit based on the same cause of

action." Id.

    In analyzing whether the subsequent suit is based on the

same cause of action, the Court looks not just to "claims

actually litigated, but to those that could have been litigated

in the earlier suit if they arise from the same underlying

transaction or events." Toscano v. Ct. Gen. Life Ins. Co., 288

11

F. App'x 36, 38 (3d Cir. 2008).  "Courts should not apply this
conceptual test mechanically, but should focus on the central
purpose of the doctrine, to require a plaintiff to present all
claims arising out of the same occurrence in a single suit."
Churchill, 183 F.3d at 194.  Applying this principle, claim
preclusion may apply even where the plaintiff asserts a new
legal theory in a subsequent suit, so long as that theory could
have been raised in the prior action.  Lubrizol Corp. v. Exxon
Corp., 929 F.2d 960, 964 (3d Cir. 1991).

Here, Plaintiff does not dispute the second required
element of claim preclusion – identity of parties.  Plaintiff
does, however, dispute the first and third required elements.
With respect to the first element, Plaintiff contends that the
prior action's dismissal on statute of limitations grounds is
not a "final judgment on the merits."  This Court disagrees.
"The rules of finality . . . treat a dismissal on statute-of-
limitations grounds . . . as a judgment on the merits" for res
judicata purposes.  Elkadrawy v. Vanguard Grp., Inc., 584 F.3d
169, 173 (3d Cir. 2009)(citing and quoting Plaut v. Spendthrift
Farm, Inc., 514 U.S. 211, 228 (1995)); Taggart v. Chase Bank
USA, N.A., 375 F. App'x 266, 268 (3d Cir. 2010)(finding that
dismissal on statute of limitations grounds was dismissal on
merits for res judicata purposes); Smalls v. United States, 471
F.3d 186, 192 (D.C.Cir. 2006)(same); Tahoe-Sierra Preservation

Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064,
1081 (9th Cir. 2003)(same); Eb-Bran Prods., Inc. v.
Warner/Elektra/Atlantic Corp., 242 F. App'x 311, 312 (6th Cir.
2007)(finding that state law characterization of claim
preclusive effect of dismissal based on statute of limitations
grounds was immaterial because federal law applied to federal
judgment in federal question case and that, under federal law,
statute of limitations dismissal was final judgment for claim
preclusion purposes).

  With respect to the third element, Plaintiff argues that
her claims are not identical because she is "not plead[ing] a
cause of action pursuant to ERISA," and is only asserting a
contractual claim.  To the extent Plaintiff's claim can be
construed as an ERISA claim despite Plaintiff's protests to the
contrary, it is identical to Plaintiff's prior claim.  To the
extent that this Court credits Plaintiff's assertion that
Plaintiff is not asserting an ERISA claim and is instead
asserting a breach of contract claim, it is immaterial that
Plaintiff is presenting a different legal theory here.
Plaintiff's claims here are based on the exact same facts as her
previous ERISA action claims and could have been asserted in the
Pennsylvania action.  Plaintiff has no excuse for her failure to
assert the claim in her earlier action as this suit was

initiated while that suit was still pending.[2]  Therefore, they

constitute the "same" cause of action for claim preclusion

purposes.  Churchill, 183 F.3d at 195 ("Thus, we conclude that

the district court properly found that the claims were the same

under Athlone, and that claim preclusion should apply. There is

simply no escaping from the fact that Churchill has relied on

different legal theories to seek redress from the Appellees for

a single course of wrongful conduct. Because the claims were the

same, Churchill asserted a single cause of action in both cases

that the doctrine of claim preclusion required her to have

joined in one suit.").  Because all three elements of claim

preclusion are met, Plaintiff's claims are barred and must be

dismissed.

   2.  Pre-emption

   In addition to being barred by claim preclusion, Defendants

argue, and Plaintiff does not dispute, that Plaintiff's common

law claims are also pre-empted under ERISA.  This Court agrees.

Because Plaintiff's contract claim relates to benefits under an

employee benefit plan, it is pre-empted by ERISA.  Pilot Life

Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987)(finding that common

law causes of action that "relate to" an employee benefit plan

are pre-empted); Lutz v. Phillips Elecs. N. Am. Corp., 347 F.

---

[2]     The Court recognizes that, even if Plaintiff had alleged a breach of
       contract claim in the prior action, it would have, for the reasons
       discussed below, been pre-empted by ERISA.

App'x 773, 776 (3d Cir. 2009)(holding that breach of contract claim related to underpayment of benefits was pre-empted by ERISA).

III. <u>Conclusion</u>

For all these reasons, Plaintiff's motion is DENIED and Defendants' motion is GRANTED. Plaintiff's Complaint is DISMISSED with prejudice.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge

Dated: <u>June 19, 2012</u>